IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ANTHONY SELLS                                                                                                        PLAINTIFF
REG #04147-063

V.                                          NO: 4:14CV00638 KGB/JWC

USA                                                                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Anthony Sells, an inmate at the Federal Correctional Institution in Forrest City ("FCIFC") filed a *pro se* complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, alleging that he was denied adequate medical care for a lump on his face, denied prescribed medication and given an unsafe medication combination for his elevated blood lipid

1

levels.[1] Plaintiff also claims he was denied healthier fruits and vegetables that were prescribed by his physician because he is not allowed sufficient time to eat them. On February 11, 2015, Defendant USA filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #10-#12). On May 26, 2015, Plaintiff filed a response, brief in support, and a responsive statement of facts (docket entries #24-#26). The Court held a hearing on the motion on July 28, 2015, at which Plaintiff testified.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### II. Analysis

---

[1] Plaintiff claims the medication combination made him ill, caused him to miss educational classes, and lose twelve days of good time because of the disciplinary charge he received for missing classes.

Defendant claims that Plaintiff never exhausted his claim regarding food, and that his claim of negligently prescribed medication was untimely. Defendant also asserts that Plaintiff failed to raise any claim regarding the twelve lost good time days. Although Defendant apparently concedes that Plaintiff exhausted his tort claim regarding medical care for his facial mass and denied medications, it asserts that Plaintiff received appropriate care and that he cannot prove the care was negligent.

## Exhaustion

According to Deborah Locke, a senior Bureau of Prisons ("BOP") attorney who has access to BOP tort claim files, Plaintiff has been incarcerated at FCIFC since January of 2009, and has filed only one administrative tort claim, TRT-SCR-2014-00612, since October of 2007 (docket entry #12-1, pages #2-#9).

In his response, Plaintiff clarifies that he is not attempting to raise a separate claim regarding his food (docket entry #25, page #3). Thus, it appears that Plaintiff made his allegations regarding his food as part of his claim that he has been denied adequate medical care for his blood lipid levels. Although Defendant claims that Plaintiff's drug interaction claim is untimely, that claim was considered as part of Plaintiff's tort claim, and denied (docket entry #12-1, pages #24-#26). Accordingly, Defendant has not demonstrated it is entitled to summary judgment due to Plaintiff's failure to exhaust his tort claim administratively as to any aspect of his claim.

## Medical Negligence

The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable for torts committed by an employee, acting in the scope of his employment, under circumstances where a private person would be liable in accordance with the law of the place where

3

the act or omission occurred. *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008).

Plaintiff's claim is governed by the Arkansas Medical Malpractice Act. ARK. CODE ANN. § 16-114-201, et seq. The Act applies to all medical injuries. *Hertlein v. St. Paul Fire and Marine Ins. Co.*, 323 Ark. 283, 286 (1996). The Arkansas Supreme Court has held that expert testimony is needed "when the standard of care is not within the jury's common knowledge, and when an expert is needed to help the jury decide the issue of negligence." *Robbins v. Johnson*, 367 Ark. 506, 512 (1991). *See also Broussard v. St. Edward Mercy Health System, Inc.*, 2012 Ark. 14 at *5 (2012) (expert testimony was necessary when issues in case were not within the jury's comprehension as a matter of common knowledge).[2]

The proper treatment of a facial mass in general, the appropriate type and combinations of medications, and the necessity of a specific diet to control blood lipids, are not matters within the common knowledge of lay persons. Accordingly, expert testimony is required to prove that Plaintiff's medical providers failed to act in accordance with the standard of care required.

Plaintiff has presented no expert testimony as to the standard or any failure to act in accordance with the standard. As to all claims but one, he cannot prove that his medical providers acted negligently under Arkansas law. Further, as to the claim for inadequate diet, he admitted that healthy fruits and vegetables were available to him and that he really did not know why he had not taken advantage of that to follow a healthy diet.

The sole claim that is troublesome is the delay in surgery for his facial cyst from June 2014,

---

[2] In *Broussard*, the Court struck language in ARK. CODE ANN. § 16-114-206(a)(1)-(2), requiring testimony of an expert "of the same specialty as the defendant," but upheld the remaining language requiring expert testimony.

to May 28, 2015.[3]   On June 17, 2014, at a time when a physician had already recommended excision of Plaintiff's lesion, Dr. J. Chapman, MD, stated that the lesion was increasing in size and that an excision should be scheduled as soon as possible.[4]  The next entry is for December 23, 2014, which noted a follow-up on the cyst, saying that it drained occasionally, and that Plaintiff was scheduled to have it excised, but "he was lost to follow-up."[5]  The surgery was finally done on May 28, 2015, nearly a year after a physician had directed that it be scheduled as soon as possible, and well after suit was filed.  While Plaintiff candidly testified that the cyst did not hurt, he said he felt pressure from it, that it contained bad smelling fluid, and that it drained and that he would wake and the side of his face would be wet with that smelly fluid.  While surgery was ultimately successful and there are no permanent effects from the delay, suffering from what was obviously an active, uncomfortable infection for almost a year cannot be said to be de minimis.  The record entries of June, 2014, directing scheduling "ASAP" in no uncertain terms, and in December 2014, saying that he was "lost to follow-up," are adequate medical evidence of negligence to prevent summary judgment on this claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT: Defendant's motion for summary judgment

---

[3] The record shows Plaintiff's cyst was a long-standing problem, and he complains of delay prior to June 2014.  However, there is no medical evidence to show that early conservative treatment and later attempts to provide surgery (such as a rescheduling at one point because Plaintiff's blood sugars were at unsafe levels) fall below the standard of care.

[4] Docket entry # 28, Exhibit B, p. 2. The actual entry states: "Please schedule surgery to remove facial cyst ASAP; pt has had sebacious cyst on right facial area that is increasing in size; please schedule surgery with ENT ASAP; pt has already been evaluated by ENT physician, who recommended excision."

[5] Docket entry # 28, Exhibit A, p. 42.

(docket entry #10) be GRANTED IN PART and DENIED IN PART, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE AS TO ALL CLAIMS EXCEPT THE CLAIM FOR DELAY IN SURGERY FROM JUNE 2014 TO MAY 28, 2015.

DATED this 28th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE