IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ANTHONY SELLS                                                                                    PLAINTIFF
REG #04147-063

v.                              Case No. 4:14-cv-00638 KGB

UNITED STATES OF AMERICA                                                              DEFENDANT

## ORDER

The Court has reviewed the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Jerry W. Cavaneau (Dkt. Nos. 30). The United States moved for an extension of time to file objections to the Recommendations (Dkt. No. 31). The Court grants the motion for extension of time, and will consider as timely filed the objections filed by the United States to specific parts of the Recommendations (Dkt. No. 32). Plaintiff Anthony Sells did not file any objections, and the time for filing objections has passed. After carefully considering the Recommendations and the objections, and after making a *de novo* review of the record in this case, the Court adopts in part and rejects in part the Recommendations.

Mr. Sells is an inmate at FCI Forrest City Low. Mr. Sells filed a *pro se* complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, alleging that he was denied adequate medical care for a lump on his face, denied prescribed medication, and given an unsafe medication combination for his elevated blood lipid levels. Mr. Sells also claimed that he was denied healthier fruits and vegetables that were prescribed by his physician because he is not allowed sufficient time to eat them. The United States filed a motion to dismiss or, in the alternative, a motion for summary judgment, a brief in support, and a statement of facts (Dkt. Nos. 10, 11, 12). Mr. Sells filed a response, brief in support, and a responsive

statement of facts (Dkt. Nos. 24, 25, 26).  Judge Cavaneau held a hearing on the motion on July 28, 2015.  Mr. Sells testified at that hearing.

The Court agrees with Judge Cavaneau's recommendation to dismiss Mr. Sells's denial of prescribed medication claim, unsafe medication combination claim, and claim that he is denied time to eat healthier fruits and vegetables as prescribed by his physician.  The United States does not object to those portions of the Recommendations.  After a *de novo* review of the record, the Court adopts the Recommendations to dismiss without prejudice each of those claims.

The United States does object, however, to Judge Cavaneau's recommendation with regard to Mr. Sells's claim that he was denied medical care for a lump on his face.  The United States contends that the factual conclusion that Mr. Sells suffered "from what was obviously an active, uncomfortable infection for almost a year" is erroneous and unsupported by the evidence.  In addition, the United States contends that additional evidence, in the form of an affidavit from Dr. Martin Tindel, reveals that Judge Cavaneau erred by concluding that the record entries of June 2014, directing the scheduling "ASAP" or as soon as possible in no uncertain terms, and of December 2014, stating that Mr. Sells was lost to follow-up, are adequate medical evidence of negligence to prevent summary judgment on this claim.  Specifically, the United States contends that Dr. J. Chapman routinely included the term "ASAP" on his consultation requests, even when the nature of the inmate's medical condition did not require immediate or urgent consideration, and that, in the medical opinion of Dr. Tindell, Dr. Chapman's use of this term was inappropriate under the circumstances.  The United States contends that the evidence in the record shows that there was no negligence in scheduling the removal of Mr. Sells's sebaceous cyst.

First, this Court notes that Mr. Sells filed his complaint pursuant to the FTCA. Congress enacted the FTCA as a limited waiver of the sovereign immunity of the United States. *Johnston v. United States*, 85 F.3d 217, 218–19 (5th Cir. 1996) (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)). Subject to some exceptions, the United States is liable in tort for certain damages caused by the negligence of any employee of the Government "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Substantive state law determines whether a cause of action exists. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (state law is the source of substantive liability under the FTCA); *Johnston*, 85 F.3d at 219. Therefore, this Court turns to Arkansas law.

Mr. Sells's claim that he was denied medical care for a lump on his face is governed by the Arkansas Medical Malpractice Act. In an action for medical injury, under Arkansas law, a plaintiff must prove the applicable standard of care and a deviation therefrom, unless the asserted negligence is a matter of common knowledge. Ark. Code Ann. §16-114-206(a)(1)-(2). Specifically, Ark. Code Ann. §16-114-206 states, in pertinent part, that:

(a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:

> (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;
>
> (2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard.

Ark. Code Ann. § 16-114-206(a)(1)-(2).  The Arkansas Supreme Court has stated that it is "well settled" that "a plaintiff must present expert testimony when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, when the applicable standard of care is not a matter of common knowledge, and when the jury must have the assistance of experts to decide the issue of negligence."  *Robson v. Tinnin*, 911 S.W.2d 246, 249 (Ark. 1995).  In *Broussard v. St. Edward Mercy Health System, Inc.*, 386 S.W.3d 385 (Ark. 2012), the Arkansas Supreme Court struck down a portion of the Arkansas Medical Malpractice Act requiring that the expert testimony be provided only by a medical care provider of the same specialty as the defendant.  The remainder of § 16-114-206(a)(1) and (2) was unaffected and remains controlling law in this case.

When expert testimony is required for proof of a plaintiff's claim for medical malpractice, and the defendant demonstrates the plaintiff's failure to produce the requisite expert testimony, then the defendant has demonstrated that no genuine issues of material fact exist for presentation to a jury, and the defendant is entitled to summary judgment as a matter of law. *Tinnin*, 911 S.W.2d at 250.  Moreover, the Arkansas Supreme Court has stated that "mere statements of what treatment should or should not have been provided do not qualify as statements setting forth the applicable standard of care." *Mitchell v. Lincoln*, 237 S.W.3d 455, 459 (Ark. 2006) (citing *Dodd v. Sparks Reg'l Med. Ctr.*, 204 S.W.3d 579 (Ark. App. 2005) (declining to find an expression of the standard of care in a statement that, "if the attending doctors and hospital staff had exercised due care, it is more likely than not that" the plaintiff's decedent would not have committed suicide)); *Fryar v. Touchstone Physical Therapy, Inc.*, 365 Ark. 295, 304, 229 S.W.3d 7, 14 (2006) (affirming summary judgment and holding that, in an action for medical malpractice, "questions of fact" regarding the treatment rendered will not

withstand summary judgment without some explanation of their significance, as it relates to the standard of care, by an expert witness); *Tinnin*, 911 S.W.2d 246 (Ark. 1995) (rejecting an argument that assumed that "simply because treatment is available for a medical injury, it follows that it is negligence for a medical care provider not to provide the treatment").  The Eighth Circuit has applied expert affidavit requirements derived from state law to medical malpractice claims filed under the FTCA.  *Bellecourt v. United States*, 994 F.2d 427 (8th Cir. 1993) (affirming dismissal of prisoner's medical malpractice claims filed under the FTCA because the prisoner failed to present an expert affidavit as required by Minnesota law).

Under Arkansas law, Mr. Sells's claim that the defendants failed to provide treatment for a sebaceous cyst requires expert testimony establishing the standard of care.  When confronted by a motion for summary judgment challenging his claim, Mr. Sells has provided no such expert testimony.  This Court is not persuaded by the record evidence, even drawing all reasonable inferences in his favor, that Mr. Sells's claim survives summary judgment.  Dr. Chapman's notation that the excision surgery should be scheduled "ASAP" does not satisfy the requirement for expert testimony establishing the standard of care.  Further, without expert testimony demonstrating why such a recommendation should be followed, there is no record evidence whether the alleged negligence caused Mr. Sells's alleged harm.  *Cf. Harris v. United States*, Case No. 2:13-cv-00123-BMS, 2014 WL 5384565, at *2 (E.D. Ark. 2014) (denying summary judgment based on record evidence that, after prison health services assessed a tendon and nerve injury and recommended "repair within two weeks," plaintiff inmate did not see an orthopedic physician for more than two weeks and orthopedic physician then determined it was "likely too late for primary tendon repair").  Further, there is no indication that Mr. Sells has requested that this Court appoint an expert witness for him.  *See, e.g., Rueben v. United States*, Case No. 2:13-

5

cv-00033-DPM, 2014 WL 5460574 (E.D. Ark. 2014) (examining when it may be appropriate to grant an indigent inmate plaintiff's request for a court-appointed expert).

In this Court's view, at most, Dr. Chapman's statement is a recognition that treatment was available and that, in Dr. Chapman's opinion, such treatment should have been rendered quickly. Arkansas courts, however, have rejected the notion that such conclusory statements concerning what treatment should or should not have been provided are sufficient to establish the standard of care or to prove causation between the alleged negligence and harm. Thus, even if this Court were to conclude that Dr. Chapman's notes in Mr. Sells's medical file constituted expert testimony, that testimony does not establish the standard of care as required by Arkansas law. Therefore, Mr. Sells's claim must be dismissed for failure to satisfy the requirements of the Arkansas Medical Malpractice Act.

Accordingly, this Court dismisses Mr. Sells's denial of prescribed medication claim, unsafe medication combination claim, and his claim that he is denied time to eat healthier fruits and vegetables as prescribed by his physician for the reasons set out in the Proposed Findings and Recommendations. In addition, for the reasons stated in this Order, the Court grants the motion for summary judgment filed by the United States with regard to Mr. Sells's claim that he was denied medical care for a lump on his face. Mr. Sells failed to adhere to the requirements of Arkansas's Medical Malpractice Act for each of these claims, and the United States is entitled to summary judgment as a result. A Judgment dismissing Mr. Sells's case will be entered by separate Order.

So ordered this 3rd day of March, 2016.

_____
Kristine G. Baker
United States District Judge